IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Steven Collins,                          )          C/A No.: 2:14cv1200-BHH-WWD
                                         )
                  Petitioner,            )
                                         )          **REPORT AND RECOMMENDATION**
v.                                       )
                                         )
Leroy Cartledge,                         )
                                         )
                  Respondent.            )
_____)

        The Petitioner, Steven Collins, number 141257, is presently incarcerated at the

McCormick Correctional Institution, a facility of the South Carolina Department of

Corrections.  The Petitioner, appearing pro se, filed his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on April 1, 2014. (Dkt. 1).  The Respondent filed a

motion for summary judgment on July 2, 2013, along with a return, supporting

memorandum and exhibits. (Docs. 23, 24).  An order was filed July 3, 2014, pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of motion

for summary judgment procedure and the possible consequences if he failed to

respond adequately. (Doc. 25).  The Petitioner filed a response in opposition on August

18, 2014. (Dkt. 31).

        The Petitioner also filed on August 18, 2014, a motion to amend his petition (Dkt.

32), motion to strike language in his petition (Dkt. 33), and a motion for an evidentiary

hearing . (Dkt. 34).  On October 2, 2014, the Respondent responded to the Petitioner's

motions (Dkt. 35, 36, 37) and indicated that while he had no objection to the motion to

1

amend, it was futile, and that he had no objection to te Petitioner's motion to strike. The Respondent objected to the Petitioner's motion for an evidentiary hearing, however, in which the Petitioner seeks to present expert testimony regarding his competency during a 2011 hearing into his application for Post Conviction Relief (PCR) because the Petitioner cannot meet both prongs of 28 U.S.C. § 2254(e)(2) which is necessary to grant a hearing in a habeas corpus matter.

The case was reassigned to the undersigned United States Magistrate Judge on June 5, 2014. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge. Hence it appears consideration of the motions is appropriate.

## PROCEDURAL HISTORY[1]

---

[1] The following exhibits have been made part of the record in the instant Petition:
DIRECT APPEAL – State v. Steven Collins
  1. Final Anders Brief of Appellant
  2. Pro Se Brief of Appellant received August 18, 2008
  3. State v. Collins, Unpub. Op. No. 2009-UP-479 (S.C.Ct.App. October 14, 2009)
  4. Remittitur Letter, October 30, 2009
FIRST PCR ACTION – 2009-CP-23-10469
  5. Johnson Petition for Writ of Certiorari, May 17, 2012
  6. "Pro Se Petition for Writ of Certiorari" Response to Johnson Petition dated June 28, 2012
  7. Collins v. State, Appellate Case No. 2011-197006, Order (S.C.S.Ct. March 19, 2014)(Order denying certiorari and granting counsel's request to be relieved)
  8. Remittitur – April 7, 2014
  9. Appendix – 499 pages SECOND PCR ACTION – 2013-CP-23-2300
  10. Application for Post-Conviction Relief, filed April 24, 2013
  11. Return and Motion to Dismiss, dated August 5, 2013
  12. Motion for Conditional Order of Dismissal, dated August 5, 2013
  13. Conditional Order of Dismissal, filed August 21, 2013
  14. Objection to Conditional Order of Dismissal, filed September 23, 2013
  15. Final Order of Dismissal, filed December 9, 2013
SECOND PCR APPEAL – APPEAL
  16. Notice of Appeal and Explanation Pursuant to SCACR Rule 243( c), dated December 27, 2013
  17. Collins v. State, Appellate Case No. 2013-2765. Order (S.C.S.Ct. January 14, 2014) (Order dismissing appeal)
  18. Collins v. State, Petition for Rehearing, served January 22, 2014 (rehearing petition asserting use

The Petitioner is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment from the Greenville County Clerk of Court.  The Petitioner was indicted at the February 2006 term of the Greenville County Grand Jury for armed robbery (2006-GS-23-1381, count 1) and possession of a weapon during commission of a violent crime (2006-GS-23-1381, count 2).  He was represented by Kenneth C. Gibson, Esquire.  The Petitioner was served with notice of intent to seek life without parole pursuant to S.C. Code Section 17-25-45. App. p. 446-447.

After the State called the case to trial, the Petitioner was found guilty.  On September 13, 2006, the Honorable Edward W. Miller sentenced the Petitioner to concurrent terms of life imprisonment without parole for armed robbery and five (5) years for the weapons charge. App. p. 447.452.

A notice of appeal was filed at the South Carolina Court of Appeals.  Kathrine H. Hudgins, Esquire, of the South Carolina Office of Appellate Defense perfected the appeal in the form of an <u>Anders</u> brief. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  In the Final <u>Anders</u> Brief, counsel Hudgins asserted as the sole arguable ground:

Did the trial judge err in refusing to grant a mistrial when a witness testified that

---

of drugs as reason issue not raised earlier)

19. <u>Collins v. State</u>, Appellate Case No. 2013-2765, Order 9S.C.S.Ct. March 6, 2014) (order denying rehearing)

20. <u>Collins v. State</u>, Remittitur – March 6, 2014

21. <u>Collins v. State</u>, Petition for Rehearing (2), dated March 14, 2014 (citing <u>Lafler v. Cooper</u>, <u>Coats v. State</u>, and <u>Council v. Catoe</u>)

22. <u>Collins v. State</u>, Order (S.C.S.Ct. March 24, 2014) ( dismissing second rehearing petition and finding rehearing petition improper because remittitur already issued).

the defendant was on house arrest, implying that the defendant was already in trouble with the law at the time of the armed robbery for which he faced trial?

Final Anders Brief of Appellant, p. 3.

The Petitioner filed a Pro Se Brief of Appellant which was received on August 12, 2008.  The Court of Appeals dismissed the appeal and relieved appointed appellate counsel. State v. Collins, Op. No. 2009-UP-479 (S.C. Ct. App. filed October 14, 2009).  The Remittitur was issued on October 30, 2009.

### FIRST STATE PCR ACTION 2009-CP-23-10469

The Petitioner filed a PCR application, 2009-CP-23-10469, on December 10, 2009, in which he raised the following issues:

1. Ineffective assistance of counsel:
   a. Failure to conduct a proper investigation.

2. Prosecutorial misconduct:
   a. "Prosecutor lied."

3. Violation of due process:
   a. "Suggestive photos were used."

App. p. 456.  The Respondent made a Return on April 21, 2010, through Assistant Attorney General Karen Ratigan. App .p. 460-463.  An evidentiary hearing into the matter was convened on May 12, 2011, at the Greenville County Courthouse before the Honorable Edward Welmaker, Presiding judge.  Caroline Horlbeck, Esquire represented the Petitioner.  Testimony at the PCR proceeding was received from the Petitioner and his trial attorney, Ken Gibson.  Judge Welmaker denied and dismissed the PCR application by written order dated July 8, 2011. App. p. 493-499.

4

**PCR APPEAL #1**

The Petitioner filed a timely notice of appeal.  Kathrine H. Hudgins, Esquire, of

the South Carolina Office of Appellate Defense perfected the appeal in the form of a

Johnson petition on May 17, 2012. See Johnson v. State, 294 S.C. 310, 364 S.E.2d

201 (1988).  In the petition, counsel raised the following arguable claim:

> Did the PCR judge err in refusing to find counsel ineffective for failing to
> investigate the physical evidence consisting of a print card indicating that the
> lifted print from the box cutter, alleged to have been used in the armed robbery,
> could not be matched to Collins because the print was deemed not comparable
> by the state's fingerprint examiner?

Johnson Petition, p. 2.  The Petitioner filed a "Pro Se Petition for Writ of Certiorari" as a

response to the Johnson petition on July 5, 2012, in which the Petitioner posited the

following query:

> Did the PCR judge err in refusing to reverse the conviction of armed robbery
> possession of a box cutter during the commission of a violent crime, that the
> defendant is actually innocent?

On March 19, 2014, the Supreme Court of South Carolina issued its order

denying the petition and granting appellate counsel's request to be relieved after review

pursuant to Johnson.  Steven Collins v. State of South Carolina, Appellate Case No.

2011-197007, Order (S.Ct. S.C. March 19, 2014).  The Remittitur was issued on April 7,

2014.

**SECOND STATE PCR ACTION – 2013-CP-23-02300**

While the first PCR action was pending, the Petitioner filed a second pro se PCR

action on April 24, 2013, in which he was being held unlawfully for the following

reasons:

1. Ineffective assistance of counsel:

   a. Failure to tell court that past convictions were negotiated and counsel not be used for enhancement.

   b. Counsel did not tell him about plea offer.

      i. "[R]eceived ineffective assistance of counsel pursuant to Lafler v. Cooper by rejection of plea offer and receiving LWOP."

2. Ineffective assistance of PCR counsel.

Application, p. 3.

The Respondent, through Assistant Attorney General Ratigan, filed a return and motion to dismiss on August 5, 2013, asserting that the application was untimely pursuant to South Carolina Code Ann. § 17-27-45(a) because the application had not been filed before the filing deadline of October 14, 2010, and alternately that the application was impermissibly successive to the first application pursuant to Sections 17-27-90 (2003) and Aice v. State, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (1991). The Respondent also moved on August 5, 2013, that the circuit court enter a conditional order of dismissal, which order was entered on August 21, 2013, by the Honorable D. Garrison Hill.

On September 23, 2013, the Petitioner entered an "Objection to the Conditional Order of Dismissal" in which he asserted that he had only learned of the United States Supreme Court decision in Lafler v. Cooper, ___ U.S. ____, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012),[2] decided on March 21, 2012, in November 2012, and that he should

---

[2] The court observes that the United States Supreme Court recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance. Missouri v. Frye, —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); Lafler v. Cooper,

have been allowed one year from that date to file his second PCR application. He noted that the record of the earlier PCR hearing revealed that there had been a plea offer of 30 years, citing App. p. 472-474. As to successiveness, he contended that because <u>Lafler</u> was decided in 2012, it was impossible for him to have raise the claim at the 2009 hearing. He asserted that summary judgment was therefore improper.

On December 9, 2013, Judge Hill entered a Final Order of Dismissal and rejected the showing. More particularly, Judge Hill stated that "while the Applicant contends that he has a meritorious argument that <u>Lafler</u> applies in this case and – in support of this – has attached several pages of his PCR hearing transcript to his "Objection to the Conditional Order of Dismissal," this Court has examined those pages and does not believe <u>Lafler</u> mandates an evidentiary hearing in this case." Final Order of Dismissal, p. 2, ¶3 .

The Petitioner next filed a timely notice of appeal and Explanation Pursuant to SCACR Rule 243( c), dated December 27, 2013. In this explanation, he initially contended that he was on a "mind-alteration drug" of "Depacote" [Depakote] at 500

---

—— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). Neither <u>Lafler</u> nor <u>Frye</u> created a new rule of constitutional law that is retroactive to cases on collateral review,. <u>See</u> <u>Ortiz v. United States</u>, 2012 WL 5438938 (E.D.N.Y. Nov.7, 2012) (collecting cases from Court of Appeals for the Fifth, Ninth, and Eleventh Circuits, as well as district court cases from the Fourth Circuit, which hold that <u>Frye</u> did not create a new constitutional right retroactive to cases on collateral review). <u>See also</u> <u>Gist v. United States</u>, 2013 WL 1303101 (D.S.C. Mar.28, 2013) (agreeing with courts from the Fifth, Seventh, Ninth and Eleventh Circuits that <u>Lafler</u> did not establish a new constitutional right that is retroactive to cases on collateral review). Each case merely clarified how <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies in the plea negotiation context. In <u>Lafler</u>, trial counsel gave the Defendant incorrect advice regarding whether to reject a plea offer. The Defendant went to trial and received a much higher sentence. In <u>Frye</u>, trial counsel failed to inform the Defendant of a plea offer. As the Supreme Court explained, "[c]ourts have recognized claims of this sort for over 30 years[.]" <u>Lafler</u>, 132 S.Ct. at 1389. <u>See</u> <u>Davie v. State</u>, 381 S.C. 601, 675 S.E.2d 416 (2009) (concluding that the Petitioner proved ineffective assistance of counsel where plea counsel failed to communicate the State's proposed plea offer which was a significantly lower sentence than the Petitioner would have accepted had it been communicated).

milligrams twice a day until October 13, 2013. He complained that no one ordered a competency evaluation at the May 12, 2011, PCR hearing when it was brought to the PCR court's attention, referring to App.p. 467-468.[3]

He complained that at the first PCR action the claim concerned the alleged enhancement of his sentence, and answers whether he was offered a plea and if counsel did all he could in convincing him to plead guilty, the discovery concerning Lafler v. Cooper was after that making it impossible for him to have referred to it since it was unavailable. He asserted it would be a miscarriage of justice to not allow the second PCR action.

On January 14, 2014, the Supreme Court of South Carolina issued it order dismissing the appeal concluding that the Petitioner had failed to show that there was an arguable basis for asserting that the decision below was improper. Collins v. State, Appellate Case No. 2013-2765. Order (S.C.S.Ct. January 14, 2014) (Order dismissing appeal). The Petitioner filed a petition for rehearing on January 22, 2014, citing Council v. Catoe, 597 S.E.2d 782, 787 (S.C. 2004), and asserting that competency during a PCR hearing can be an issue and referred to the same matters raised in his earlier explanation. Collins v. State, Petition for Rehearing, served January 22, 2014. (rehearing petition asserting use of drugs as reason issue not raised earlier).

On March 6, 2014, the Supreme Court issued an order denying the petition for rehearing. Collins v. State, Appellate Case No. 2013-2765, Order (S.C.S.Ct. March 6,

---

[3] A review of Appendix pgs. 467-468 does not support the Petitioner's assertion that it was brought to the PCR court's attention. There is no reference to any medication that the Petitioner now alleges he was taking at that time at the May 2011 hearing.

2014) (order denying rehearing).  The Remittitur was then issued on March 6, 2014.

The Petitioner filed yet another petition for rehearing on March 14, 2014, in which he

re-asserted that it was consistent with <u>Lafler</u> and cited to a 2003 decision in <u>Coats v.</u>

<u>State</u>, 575 S.E.2d 557 (S.C. 2003) concerning a lawyer's misadvise on parole

ineligibility. <u>Collins v. State</u>, Petition for Rehearing (2), dated March 14, 2014 (citing

<u>Lafler v. Cooper</u>, <u>Coats v. State</u>, and <u>Council v. Catoe</u>).

On March 24, 2014, the South Carolina Supreme Court issued its order

dismissing the second petition for rehearing, noting there is no provision for successive

rehearing petitions and that the Remittitur had already been issued ending the Supreme

Court's jurisdiction in the matter.

## GROUNDS RAISED IN THE INSTANT HABEAS CORPUS PETITION

In his Petition for Writ of Habeas Corpus, the Petitioner makes the following

allegation:

1. Ineffective assistance of counsel pursuant to <u>Lafler v. Cooper</u> by rejection of
plea offer and receiving LWOP (life without parole).

    a. The state court findings were based on an unreasonable determination
       of the facts in light of the evidence presented in the state court
       proceedings. §2254 (d)(2)(c ).

    b. Applicant discovered <u>Lafler v. Cooper</u> decided March 12, 2012, in
       November 2012 which makes this application timely, because the
       application was filed within one year after the discovery of the facts.
       S.C. Code Ann. § 17-27-45.

    c. Petitioner was incompetent and was on a mind-altering drug called
       "depacote"7 at 500 milligrams twice a day and it continued until October
       13, 2013.

        1. Petitioner told the Court that the prior PCR hearing on May 12,
           2011, neither that court ordered a competency examination to
           measure Petitioner's competency.

9

> 2. Petitioner's critical inquiry remains whether the circumstances preventing a timely filing were both beyond the Petitioner's control and unavoidable despite his diligence. There is a question for the PCR Court.

In his motion to amend his petition, (Dkt. 32),  the Petitioner seeks to include the following new claim:

> 2. Ineffective Assistance of Counsel for failing to object to the court's failure to charge "criminal intent" to the jury. The failure to hear this claim will result in a fundamental miscarriage of justice.

As mentioned, Respondent's do not object to this amendment, but note that  the allegation, as amended, is subject to dismissal because it has been procedurally defaulted.

## DISCUSSION
### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of  a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case ." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor

10

of the non-moving party, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); however, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See FED.R.CIV.P. 56(c), (e); Celotex Corp., 477 U .S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case, see e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B. Habeas Corpus Standard of Review

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of

11

federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also  White v. Woodall, 134 S.Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S.Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir.2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S.Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S.Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S.Ct. at 786–87).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S.Ct. at 785.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state

12

court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas Petitioner must show that there was no reasonable basis for the state court to deny relief. Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786.  "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)).

### C. Exhaustion Requirements

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").  To exhaust his available

13

state court remedies, a Petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).  Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also  Coleman v. Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the Petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

## Discussion

A review of the record and relevant case law reveals that the Petitioner's motions to strike, and amend should be granted, that the Petitioner's motion for an evidentiary hearing should be denied, and that the Respondent's motion for summary judgment should be granted.

In his Petition for a Writ of Habeas Corpus, the Petitioner made the following allegation:

1. Ineffective assistance of counsel pursuant to Lafler v. Cooper by rejection of plea offer and receiving LWOP (life without parole).

Standard for ineffective assistance of counsel

14

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a Petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a Petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.8

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington v. Richter, 562 U.S. 55, 131 S.Ct. 770 at 788 (2011). The Court observed that while " '[s]urmounting Strickland 's high bar is never an easy task[,]' ... [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an

15

ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u> 's deferential standard." <u>Id</u>.

In 2012, the Supreme Court decided <u>Lafler v. Cooper</u>, _ U.S. _, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and <u>Missouri v. Frye</u>, _ U.S. _, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).  In those cases, the Supreme Court held that a Defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. <u>Lafler</u>, 132 S.Ct. at 1384; <u>Frye</u>, 132 S.Ct. at 1408.  Under those cases, the Court explained that as a general rule defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. <u>Id</u>.

Even if a Petitioner establishes that his counsel failed to communicate a plea offer, however, he must still establish prejudice. That is, Defendant must show that but for the ineffective assistance of counsel, there is :

> a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

<u>Lafler</u>, 132 S.Ct. at 1385.  In <u>Missouri v. Frye</u>, the Court recognized that South Carolina had already adopted a similar assessment to the claims before the decision in <u>Davie v. State</u>, 381 S.C. 601, 675 S.E.2d 416 (2009):

> "Though the standard for counsel's performance is not determined solely by reference to codified standards of professional practice, these standards can be important guides. The American Bar Association recommends defense counsel "promptly communicate and explain to the defendant all plea offers made by the

prosecuting attorney," ABA Standards for Criminal Justice, Pleas of Guilty 14–3.2(a) (3d ed. 1999), and this standard has been adopted by numerous state and federal courts over the last 30 years. See, e.g., Davie v. State, 381 S.C. 601, 608–609, 675 S.E.2d 416, 420 (2009) . . . ."

Missouri v. Frye 132 S.Ct. 1399, 1408 (2012).

In Davie v. State, supra, the South Carolina Supreme Court found that a defense counsel performed deficiently in failing to communicate a plea offer to the Petitioner before it had expired where evidence supported that the Defendant would have accepted the plea offer if he had been made aware of it.  In Davie, the South Carolina Supreme Court adopted the rule - prior to the decisions in Lafler and Frye – based upon its assessment of the decisions from other jurisdictions.

The PCR Court's Ruling on the Claim

In the order denying post-conviction relief dated July 8, 2011, in Collins v. State, 2009-CP-23-10469, Judge Welmaker found as follows related to the issue the Petitioner now presents:

1. The Petitioner testified "the Applicant stated the solicitor made a plea offer of thirty (30) year sentence in this case but that trial counsel did not advise him to accept the offer." App. p. 495.

2. "Trial counsel testified the state made a plea offer for a thirty (30) year sentence and that they would pursue LWOP (life without parole) if the offer was rejected. Trial counsel testified that he explained this to the Applicant numerous times, but that the Applicant rejected the plea offer." App.p. 496.

3. "This Court finds that the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible." App. p. 496.

Judge Welmaker further rejected the claim that counsel should have told him to accept the plea offer.  In particular, Judge Welmaker concluded:

17

> This Court finds that the Applicant failed to meet his burden of proving trial counsel should have told him to accept the thirty (30) year plea offer. Trial counsel satisfied his obligation to relay the plea offer to his client and discuss it. See <u>Davie v. State</u>, 381 S.C. 601, 675 S.E.2d 416 (2009) (holding counsel's failure to convey the State's plea offer to defendant constituted deficient performance). The decision to enter a guilty plea, however, must be made by a defendant alone and counsel cannot be deemed ineffective for failing to tell his client to take a plea offer. Both the Applicant and trial counsel testified the Applicant was aware the State would seek LWOP if he rejected the offer, but that the Applicant chose to proceed to a jury trial.

App .p. 497.

This issue concerning the effectiveness of trial counsel negotiating and conveying of the plea offer was not specifically raised in either the <u>Johnson</u> petition on certiorari or the <u>pro se</u> petition in the PCR appeal.  No state remedies remain available to assert the claim.  As noted, Petitioner's attempts to re-assert the same claim in subsequent PCR proceedings have been deemed procedurally barred.

Here, the record supports these findings by Judge Welmaker.  During the PCR hearing, the Petitioner testified that he was aware from his trial counsel that the state was seeking life and that if he was found guilty he would get life before they revoked his bond and brought him to the detention center. App.p. 470.  He stated that they had given him notice of intent to seek a life without parole sentence at the detention hearing between 20 to 30 days before the trial. App. p. 471. <u>See also</u>, App. p. 482, l. 6-7.   He stated the Saturday before the trial, counsel Gibson advised that they would be seeking life against him.  The Petitioner also testified that he learned that there was a plea offer of 30 years at 85% and that if he did not take it they would give him life. App. p. 472.  Collins stated that counsel did not advise him to take the plea or turn it down. App. p. 473.  He stated he was looking for a favorable outcome.  The Petitioner confirmed that

18

he discussed the plea offer with counsel Gibson just once.  He stated that he had not learned that at the point he rejected the plea offer whether or not they would give him another opportunity to change his plea.  He claimed that if he knew he would not have another opportunity to change his plea and take the 30 year offer, he would have done so.[4] App. p. 474.  However, the Petitioner testified that he never spoke with counsel Gibson about a plea expiration date, but that Petitioner did not know if the plea offer ever expired but "the only thing I knew was that when I came to trial that was it." App. p. 474, l. 20-22.  On cross-examination, the Petitioner acknowledged that since he was going to trial, they had not accepted the plea offer. App. p. 481, l. 25- p. 482, l. 3.

Counsel Kenneth Gibson testified that he discussed with the prosecutor, Mark Moyer, that the state was going to seek life without parole. App. p. 484, l. 11-14.  He testified that Moyer told him that if he wants to plead, he was going to get 30 years, but if we go to trial they were going to be seeking life without parole. App. p. 484, l. 14-18. Counsel Gibson testified that he explained it to the Petitioner " a number of times."  He stated that he also tried to get Petitioner a better deal a number of times, but the prosecutor would not budge. App. p. 484, l. 20-22.  He stated that Petitioner "understood that his options were 30 years or go to trial and take his chances on life without parole." App. p. 484, l. 20-24.  Counsel Gibson confirmed that clearly Petitioner did not take the 30 year offer. App.p. 484, l. 2.  Counsel further stated that the prosecution knew it had a good case and he wouldn't deal with them. App. p. 488-489.  Counsel stated that

---

[4] The record of the trial shows that the Petitioner made no attempt at any time prior to sentencing to change his plea. There was no testimony at the PCR hearing by either his counsel or the Petitioner that he sought to change his plea prior to the verdict.

explained to the Petitioner the strength of the state's case against him. "I'm sure I told him that if we went to trial that it was extremely likely that he would be convicted." App. p. 489, l. 4-6.

In short, it appears that habeas relief is not warranted. Here, the state PCR court concluded that counsel relayed the plea offer of thirty years to the Petitioner with the understanding that if it was rejected the state would be seeking a life without parole sentence and that counsel advised the Petitioner of the likelihood of a conviction if they went to trial. The record further reveals that still the Petitioner rejected the plea offer and went to trial instead – knowing that he would be sentenced to life if convicted. The state PCR court made factual findings based upon the credibility determinations in favor of trial counsel's testimony. This is a credibility ruling entitled to deference under the habeas statute, which Petitioner may overcome only by showing "clear and convincing evidence to the contrary." Wilson v. Ozmint, 352 F.3d 847, 858-859 (4th Cir. 2003) quoting Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal citations omitted). See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear. . . . Indeed, federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them). The state PCR court reasonably applied the mandates of Strickland v. Washington in making its assessment that counsel was not deficient in his negotiation of the plea offers and relaying the information to Petitioner. As noted above, the South Carolina Supreme Court had already established as a matter of law that counsel would be deficient in

20

failing to convey plea offers to a client in 2009 in Davie.  Davie was a precursor to the consistent decisions in Lafler and Frye.  In concluding that there was no Sixth Amendment violation, in reliance upon Davie the state PCR judge did not unreasonably apply the mandates of the decision in Strickland v. Washington, even though Lafler had not been decided.   More to the point where the plea offer was actually conveyed in a timely manner to the Petitioner and rejected by the Petitioner, as here, there was no deficient performance shown.  Though in hindsight the Petitioner may wish that he had accepted the plea offer since now he has been convicted and sentenced consistent with his understanding of the effect of rejecting the pre-trial offer, this does not entitled him to relief.  His claim otherwise should be dismissed.

In the Petitioner's motion to amend his petition he raised the following claim: "Ineffective Assistance of Counsel for failing to object to the court's failure to charge "criminal intent" to the jury. The failure to hear this claim will result in a fundamental miscarriage of justice." (Sic).

This claim has never been presented to the state courts for review and thus, is unavailable for review on the merits here.  At the trial, the record does not reflect a request for any specific instructions concerning "criminal intent." App .p. 396-397.  The trial judge stated that he would instruct on duties of the judge and jury, the charge, arrest and indictment are not evidence; something about multiple charges; credibility of the witnesses; prior record of the defendant is limited to impeachment; presumption of innocence; identification, armed robbery; and possession of a weapon during a violent crime. App. p. 396-397.  Counsel Gibson initially requested a charge on identification and lesser included offenses including strong armed robbery. App.p. 396, l. 18, p. 397, l.

21

7-9.

Subsequent to the closing arguments, the trial judge gave its jury instructions. App.p.

429-439. During the jury instructions, the trial court charged the following concerning the

substantive crimes:

> Now, the Defendant is charged in count one with armed robbery. In order to prove this offense, the State must prove beyond a reasonable doubt that the Defendant took personal property from the person or presence of another person. Property is in the presence of a person if it is within the person's reach, inspection, observation, or control so that the person could, if not overcome with violence or presented by fear, keep possession of the property.

> The State must also prove beyond a reasonable doubt that the Defendant carried the property away intending to permanently deprive the owner of the property and to keep the property for the Defendant's own use. The slightest removal of the property or the complete possession of the property even by an instant by the Defendant is sufficient to show a taking and carrying away of the property. The taking and carrying away of the property must have been done with violence or by putting the owner of the property in fear of violence.

> Finally, the State must prove beyond a reasonable doubt that the Defendant was armed with a deadly weapon during the robbery. And a deadly weapon is any article, instrument, or substance which is likely to cause death or great bodily harm. And whether an instrument has been used as a deadly weapon depends on the facts and circumstances of each case.

> Now, the Defendant is also charged with possession of a weapon during the commission of or attempt to commit a violent crime. The State must prove beyond a reasonable doubt that the Defendant visibly displayed a knife during the commission of a violent crime. A knife means an instrument or tool with a sharp cutting blade whether or not fastened to a handle which can be used to inflict a cut, slash, or wound. And in order to find the Defendant guilty of possession of a weapon during the commission of a violent crime, you must first find the Defendant guilty of either committing a violent crime or attempting to commit a violent crime. Under the laws and statutes of the State of South Carolina, armed robbery is a violent crime.

App. p. 436, l. 11- p. 437, l. 25. After the instructions, no objections or exceptions were

made to the charges. App. p. 440, ll. 1-2. No issue was raised in the direct appeal

concerning the charges in either the Final <u>Anders</u> Brief of Appellant or the <u>Pro</u> <u>Se</u> Response.

A review of the first PCR proceedings reveal that no allegation or issue of ineffective assistance of counsel was presented concerning any alleged failure to include an instruction on criminal intent. App. p. 456, p. 493-499.  Similarly, this same claim was not raised in the 2013 PCR action, <u>Collins v. State</u>, 2013-CP-23-02300.

No state remedies remain available to assert this claim that was not presented previously.  First, the record based claim would be procedurally barred as untimely under the South Carolina post-conviction relief act statute of limitations. S.C. Code Ann. § 17-27-45.  Second the claim would be procedurally barred because it was not raised in the first PCR proceeding where Petitioner was represented by court appointed counsel and it was not presented in the second PCR application.[5]  Further, South Carolina has rejected a request to create an additional layer for state PCR claims after <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012) in <u>Kelly v. State</u>, 404 S.C. 365, 745 S.E.2d 377 (2013).

Hence, the claim should be rejected as procedurally defaulted because Petitioner failed to give the state court the opportunity to address this alleged 6th Amendment violation. When a federal habeas Petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. <u>Smith v. Murray</u>, 477 U.S.

---

[5] Although successive PCR applications are disfavored, they are not prohibited. <u>See</u> <u>Washington v. State</u>, 324 S.C. 232, 478 S.E.2d 833 (1996) (allowing successive PCR application where the Defendant was denied due process due to numerous procedural irregularities); <u>Aice v. State</u>, 305 S.C. 448, 409 S.E.2d 392 (1991) (denying a successive PCR application where the Defendant failed to show a sufficient reason to entertain the successive application).

527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).  If a federal habeas petitioner has procedurally defaulted his opportunity for relief in the state courts, the exhaustion requirement is technically met and the rules of procedural bar apply. See Matthews v. Evatt, 105 F.3d 907 (citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), Teague v. Lane, 489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)).

Thus, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear, as here. Teague, 489 U.S. at 297–98.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the Petitioner's motions to strike, and amend should be granted, that the Petitioner's motion for an evidentiary hearing should be denied,  that the Respondent be granted summary judgment (Dkt. 24) and this matter be dismissed with prejudice.  It is also recommended that a certificate of appealability be denied.[6]

---

[6]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001).  In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

November 14, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).