IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven Collins, | ) | Civil Action No.: 2:14-1200-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner Steven Collins ("the petitioner"), proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Wallace W. Dixon for pretrial handling and a Report and Recommendation ("Report"]. Judge Dixon recommends that the respondent's motion for summary judgment be granted, that the petitioner's motions to strike and amend be granted, that the petitioner's motion for an evidentiary haring be denied, and this matter be dismissed *with prejudice*. (ECF No. 38.) The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## BACKGROUND

The petitioner filed this action against the respondent on March 27, 2014,[1] alleging, *inter alia*, ineffective assistance of counsel. On November 14, 2014, the Magistrate Judge issued his Report and the Clerk of Court entered the petitioner's Objections on February

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on March 27, 2014, by the MCCI (McCormick Correctional Institution) mailroom. (ECF No.1-1.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

5, 2015. (ECF No. 58). The court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

As noted above, the petitioner filed objections to the Magistrate Judge's Report, which the court has carefully reviewed. However, the petitioner's objections, although verbose, provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. Instead, they generally consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Because the court agrees

with the Magistrate Judge's analysis on these issues, it need not repeat the discussion here.

To the extent that the petitioner argues that he is able to overcome the procedural bar such that this court can review his § 2254 claims, the court rejects the argument. As the Magistrate Judge noted in his Report,

> Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. For a procedurally defaulted claim to be properly considered by a federal habeas court, the Petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

(ECF 38 at 14). Because the petitioner has demonstrated neither cause, prejudice, nor a fundamental miscarriage of justice, the court is unable to consider his procedurally defaulted claims. For these reasons, the court will overrule the petitioner's objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 24) is GRANTED, the petitioner's pending motions to strike and amend (ECF No. 32, 33) are GRANTED, the petitioner's motion for evidentiary hearing (ECF No. 34) is DENIED, and this matter is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 30, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.